THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEREMY MADDALENA, | CASE NO. C23-0701-JCC |
| Plaintiff, | ORDER |
| v. | |
| SNOHOMISH COUNTY, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendants' Rule 12(b)(6) motion seeking partial dismissal of Plaintiff's complaint. (Dkt. No. 8.) Having thoroughly considered the briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.   **BACKGROUND**

This case arises out of Plaintiff's stop and arrest, by the Snohomish County Sheriff Office. Plaintiff alleges that Deputies Paul Arroyos, Cameron Elwell, and Evan Twedt used excessive force. (*See generally* Dkt. No. 1-2.) Plaintiff further alleges that Snohomish County Jail staff then unlawfully denied Plaintiff medical care for his resulting injuries. (*Id.* at 5.) Plaintiff also takes issue with Sergeant John Adams' determination, during a later use of force investigation, that Deputy Twedt's use of force was "reasonable[,] necessary, and justifiable." (*Id.* at 6.)

1  Plaintiff initially brought tort and civil rights claims in Snohomish County Superior Court against Deputies Twedt, Arroyos, and Elwell, as well as claims against Snohomish County and Sergeant Adams. (*See generally id.*) Defendants removed the case to this Court pursuant to 28 U.S.C. § 1331, (Dkt. No. 1), and now move to dismiss Plaintiff's claims of assault and battery, along with his outrage claim. (Dkt. No. 8.) Defendants also move to dismiss all claims against Defendant Sergeant John Adams. (*Id.*) Plaintiff has not provided the Court with a brief in opposition[1] to this motion. Therefore, the Court could consider Plaintiff's failure to respond as an admission of the motion's merits. LCR 7(b)(2). Because Plaintiff is currently proceeding *pro se*, in the interest of justice, the Court will consider Defendants' motion on its merits.

## II. DISCUSSION

### A. Legal Standard

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive such a motion, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). And failure to file a cause of action within the statute of limitations may be challenged in a 12(b)(6) motion to dismiss. *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980).

### B. Assault and Battery

In moving to dismiss Plaintiff's assault and battery claim, Defendants argue that it is time-barred. (Dkt. No. 8 at 4.) The Court agrees. Factual allegations within the complaint determine the applicable statute of limitations. *Boyles v. City of Kennewick*, 813 P.2d 178, 179 (Wash. 1991). And the statute of limitations for assault and battery is two years. RCW

---

[1] Counsel who assisted Plaintiff in filing the complaint were not admitted to practice before this Court. Plaintiff was advised of this deficiency and provided additional time to obtain replacement counsel after Defendants filed this motion. (*See* Dkt. Nos. 6 and 8.) Yet Plaintiff has still not responded.

4.16.100(1). According to the complaint, the alleged assault and battery occurred May 28, 2020. (Dkt. No. 1-2 at 3–4, 6.) Yet Plaintiff did not file his complaint until April 10, 2023—nearly three years later. (*Id.* at 11.) Therefore, Plaintiff's assault and battery claim is time-barred.[2]

### C. Outrage

In moving to dismiss Plaintiff's outrage claim, Defendants argue the complaint fails to adequately allege that Defendants intentionally or recklessly inflicted emotional distress. (Dkt. No. 8 at 4–5.) The tort of outrage requires a plaintiff to prove (1) extreme and outrageous conduct; (2) intentional or reckless infliction of emotional distress; and (3) an actual result of severe emotional distress to the plaintiff. *Kloepfel v. Bokor*, 66 P.3d 630, 632 (Wash. 2003) (internal citations omitted).

The Court finds that Plaintiff has failed to sufficiently allege the "intentional or reckless" element of outrage. His complaint alleges that Deputy Elwell, in concert with the other two officers at the scene, inflicted physical violence on his person and that Defendants' conduct resulted in "emotional trauma and distress, PTSD, anxiety, humiliation, insult, loss of dignity, on top of the physical pain from the injuries." (Dkt. No. 1-2 at 6–7.) However, the complaint fails to provide factual allegations supporting the legal conclusion that the officers intentionally or recklessly inflicted emotional distress. Moreover, Plaintiff's allegations regarding Defendants' alleged disregard of his medical concerns do not rise beyond formulaic legal conclusions. (*Id.* at 4–8.) Such conclusory legal allegations are insufficient to plausibly allege the claim of outrage. *See Vasquez*, 487 F.3d at 1249.

### D. Sergeant John Adams

Finally, Defendants move to dismiss all claims against defendant Sergeant John Adams because, according to Defendants, "there is no allegation that Sergeant John Adams had any direct participation in the events giving rise to Plaintiff's Lawsuit, and because Sergeant Adams'

---

[2] The complaint references an administrative claim for damages filed with Snohomish County in 2021. (Dkt. No. 1-2 at 3.) As Plaintiff has not established grounds for equitable tolling or otherwise responded to Defendants' motion, the Court assumes equitable tolling would not apply here.

conduct does not support a claim of ratification . . . ." (Dkt. No. 8 at 5–7.) Indeed, 42 U.S.C. § 1983[3] precludes vicarious liability for the actions of subordinates. *Hansen v. Black*, 885 F.2d 642, 645–46 (9th Cir. 1989). However, a supervisor may be liable if (1) he is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Id.* at 646 (citing *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987)). The second option requires that the supervisor "implement a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Id.*

Plaintiff alleges an unlawful stop, search, and seizure in violation of the Fourth Amendment. (Dkt. No. 1-2 at 9.) But the complaint fails to allege facts supporting the contention that Sergeant Adams was directly involved in the arrest and detention. (*See generally id.*) It only mentions him in the context of a subsequent use of force investigation. (*Id.* at 4, 6.) This does not suggest personal involvement in the allegedly unlawful conduct at the time of Plaintiff's arrest, nor does it imply that Sergeant Adams implemented an unconstitutional policy or that he is "the moving force of the constitutional violation." *Hansen*, 885 F.2d at 646.

## III.  CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's assault and battery claim is GRANTED. The claim is DISMISSED with prejudice, as it fails as a matter of law. Defendants' motion to dismiss Plaintiff's outrage claim is GRANTED. The claim is implausibly pleaded and, therefore, DISMISSED without prejudice. Finally, Defendants' motion to dismiss all claims alleged against Sergeant Adams is GRANTED. Those claims are DISMISSED with prejudice, as it would appear, given the nature of Sergeant Adams' alleged conduct, that further amendment would be futile. *See Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018).

---

[3] Plaintiff's complaint also briefly references the existence of a § 1985 claim against Sergeant Adams. (Dkt. No. 1-2 at 9.) But there are no allegations supporting a conspiracy involving Sergeant Adams. This is, again, nothing more than a formulaic legal conclusion lacking factual support.

DATED this 1st day of August 2023.

						*John C. Coughenour*
						John C. Coughenour
						UNITED STATES DISTRICT JUDGE